FREDERICK F. CLAFLIN, *et ux. vs.* WILLIAM H. GURNEY, *et al.*

Usually demand and refusal to deliver are required before trover can be brought against the possessor of a chattel who has rightfully obtained possession from one not its owner; but if the possessor without demand distinctly expresses his resolution to retain the chattel, no demand is needed to sustain trover.

EXCEPTIONS to the Court of Common Pleas. The case is stated in the opinion of the court.

*Charles H. Page & Franklin P. Owen,* for plaintiffs.

*Joseph Osfield, Jun.,* for defendants.

" Demand of the goods, followed by a refusal to deliver them, is always necessary before an action for conversion can be maintained, unless the plaintiff can establish some other tortious act," such as selling or letting. Starkie on Evidence, 684; Bigelow on Torts, 200. A demand and refusal do not even constitute conversion, and at the most are but evidence of the fact, and a mere qualified refusal, alleging grounds for not delivering the goods, *raises no legal presumption upon which the jury ought to find a conversion.* Starkie on Evidence, 842: *Singer Manuf. Co.* v. *King,* 14 R. I. 511; *Magee* v. *Scott,* 9 Cush. 148. " In case, when the taking of the goods is lawful, demand is absolutely necessary in order to secure sufficient evidence of conversion at the trial." *Slayter* v. *Williams,* 37 How. Pr. 109, *Thompson* v. *Rose,* 16 Conn. 71, 84; *Watts* v. *Potter,* 2 Mason, 77, 81; *Lane* v. *Crombie,* 12 Pick. 176; *Murdock* v. *Inhabitants of Warwick,* 4 Gray, 178; *Ryan* v. *Merriam,* 4 Allen, 77; *Thacher* v. *Jones,* 31 Me. 528, 534; *Aylwin* v. *Ulmer,* 12 Mass. 24, and note; *Sampson* v. *Smith,* 15 Mass. 365; *Tufts* v. *Seabury,* 11 Pick. 139, 142.

*November,* 28, 1890. DURFEE, C. J. This is trover for the conversion of an organ, alleged to be the property of Mrs. Claflin, the female plaintiff. It appeared in testimony at the trial that Mrs. Claflin had been the owner of the organ several years before her marriage; that the plaintiffs had occupied a tenement belonging to the defendants; that they quitted it in the spring of 1889, at which time sixteen and fifty one hundredths dollars were due for rent; that Mr. Claflin, who was then removing the furniture, Mrs. Claflin having previously gone away, left the organ as security for the payment thereof; that Mrs. Claflin, when she learned that it had been left, sent her mother, Mrs. Lawton, to demand it, and that the defendants refused, when Mrs. Lawton came to them, to give it up until the rent was paid, claiming to hold it as security therefor, though informed that it belonged to Mrs. Claflin. The testimony did not very distinctly show a definite or formal demand for the organ, and the defendants denied that any demand was made. The

court, in charging the jury, instructed them that when a person comes into the possession of personal property rightfully from one who is not its owner, he cannot be sued for it in trover without previous demand, but added, by way of qualification, " If one, when appealed to by the owner for the property ; although he does not make a demand ; if the one who is in possession declines absolutely to give it up, previous to any demand made, or gives the party to understand distinctly that he will hold it, willing or unwilling ; no demand is necessary. For instance, if I hold a piece of property belonging to another, and the owner comes to me for the purpose of making a demand, or for the purpose of conferring with me about it, and I voluntarily state to him that I shall hold that property until a certain condition is performed, I think that in that case, and I so instruct you, no demand will be necessary ; because it will be an idle ceremony to make a demand after one had refused in advance to give it up after a demand had been made." The defendants excepted to the instruction. The question is, whether it was erroneous.

We find no error. The reason why a demand is necessary where a person, who has come into possession of a chattel rightfully, continues simply to hold it, is because until he refuses to give it up there is no evidence of a conversion ; and ordinarily a refusal does not precede but follows a demand. The conversion consists in the retention of the chattel under a claim of right, or in the assumption of a dominion over it in contravention of the owner's right. " The very denial of goods to him that has a right to demand them," says Lord Holt in *Baldwin* v. *Cole*, 6 Mod. 212, " is an actual conversion, and not only evidence of it, as has been holden ; for what is a conversion but an assuming upon one's self the property and right of disposing of another's goods, and he that takes upon himself to detain another man's goods from him without cause, takes upon himself the right of disposing of them." See, also, *Donahue* v. *Shippee*, 15 R. I. 453, 455, and the cases and authorities there cited.                    *Exceptions overruled.*